IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  16-cv-00841-RM-MJW

JAMES ROBERT GRESHAM,

Plaintiff,

v.

ROBERT HIMSCHOOT, and
JASON LENGERICH,

Defendants.

---

REPORT AND RECOMMENDATION PLAINTIFF'S MOTION TO ADDRESS A
CONFLICT OF INTEREST AND TRANSFER (DOCKET NO. 76)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate

Judge issued by Judge Raymond P. Moore on June 21, 2016 (Docket No. 20). Now

before the Court is the pro se prisoner Plaintiff's Motion to Address a Conflict of Interest

and Transfer (Docket No. 76). Defendants filed a response (Docket No. 78). No reply

was replied. Judge Moore referred the subject motion to the undersigned magistrate

judge (Docket No. 77). The Court has reviewed the parties' filings (Docket Nos. 76 &

79), taken judicial notice of the Court's entire file in this case, and considered the

applicable Federal Rules of Civil Procedure, statutes, and case law. Now being fully

informed, the Court makes the following report and recommendation.

The Court has recited in detail the facts of this case in earlier rulings. *See, e.g.,*

Report and Recommendation on Defendants' Motion to Dismiss (Docket No. 39). For

the purposes of this motion, it is sufficient to state the following. Plaintiff is an inmate of the Colorado Department of Corrections ("CDOC"). He is currently housed in Buena Vista Minimum Center ("BVMC"), where Defendants Robert Himschoot and Jason Lengerich are employed. Plaintiff was given a facility job in the BVMC kitchen, where his supervisor, "Murry" (apparently, one Sergeant Murray) made menacing comments and threatened to hit him over the head with a spoon. Plaintiff alleges that Murray is friends with Defendant Himschoot, and is retaliating against Plaintiff for pursuing this lawsuit. He requests that he be transferred to a different facility.

## Standard of Review

Defendants interpret Plaintiff's motion as one for a preliminary injunction, and the Court follows suit. Injunctive relief is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish the following: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.* It is well-established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256,

1260 (10th Cir. 2004) (citations omitted). Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258–59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259. In requesting a transfer to a different prison facility, Plaintiff seeks to alter the status quo, meaning that the injunctive relief must be denied unless Plaintiff demonstrates that his "right to relief [is] clear and unequivocal." *Id.* at 1258.

Finally, the law is well-established that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *See, e.g., Meachum v. Fano*, 427 U.S. 215 (1976). Courts should grant injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d at 266, 269–70 n. 2 (4th Cir. 1994); *see also Citizens Concerned for Separation of Church & State v. Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980). Indeed, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems. It is a delicate role assigned to the federal courts to display that restraint

so necessary in the maintenance of proper federal-state relations." *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (quotation omitted). Therefore, "intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts. . . . [This] is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiff's likelihood of success on the merits have been made." *Taylor*, 34 F.3d at 269 (citations omitted).

## Analysis

Plaintiff has not met his heavy burden in demonstrating a clear and unequivocal right to injunctive relief, and therefore his motion should be denied. Most importantly, Plaintiff has not established that he will suffer irreparable harm if his requested relief is denied. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir.1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* (quotation omitted). Therefore, to demonstrate irreparable harm, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Finally, an injunction is only appropriate "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Here, Plaintiff has not alleged that Defendants have acted in any threatening manner. Instead, his complaints are about Sergeant Murray's behavior. Sergeant Murray may indeed be a friend of Defendant Himschoot, but Plaintiff does not allege that Defendant Himschoot is acting in concert with Murray or encouraging her to place him in harm's way. Moreover, while Plaintiff alleges that Sergeant Murray verbally harasses him, he has failed to show that he will actually suffer serious and irreparable physical injury if such harassment is not enjoined. Indeed, it appears that Plaintiff no longer works with Sergeant Murray at all. *See* Exhibit D to Defendant's Response (Docket No. 78-4). Finally, it is obvious that the mere fact that Plaintiff is housed in the same facility as the Defendants cannot by itself create the threat of irreparable harm. Any other result would lead to complete chaos and would make prison administration impossible.

Because Plaintiff has not met the first element necessary to order a preliminary injunction, the Court declines to address the three remaining requirements

## Recommendation

It is hereby **RECOMMENDED** that Plaintiff's Motion to Address a Conflict of Interest and Transfer (Docket No. 76) be **DENIED**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need**

not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Dated:      January 2, 2018        */s/ Michael J. Watanabe*
              Denver, Colorado       Michael J. Watanabe
                                   United States Magistrate Judge