IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 16-cv-00841-RM-NRN

JAMES ROBERT GRESHAM,

    Plaintiff,

v.

ROBERT HIMSCHOOT, and
JASON LENGERICH,

    Defendants.

---

## ORDER

---

This matter is before the Court on the "Report and Recommendation on Defendants' Motion for Summary Judgment (Docket No. 92)" of Magistrate Judge Michael J. Watanabe[1] (the "Recommendation") (ECF No. 108) to grant Defendants' Amended Motion for Summary Judgment (ECF No. 92) and dismiss Plaintiff's action with prejudice as to both Defendants. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 108 at page 14.)

---

[1] Judge Watanabe has since retired.

Despite this advisement, no objections to the Recommendation have to date been filed by any party and the time to do so has expired. (*See generally* Dkt.)[2]

The Court concludes that the Magistrate Judge's analysis was thorough and sound, and that there is no clear error on the face of the record. *See* FED. R. CIV. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). The Court recognizes the recommended dismissal with prejudice of Defendant Lengerich was based on the merits and on exhaustion of administrative remedies. "Ordinarily," courts should decide exhaustion first, and dismissals based on lack of exhaustion should be without prejudice. *Fitzgerald v. Corrections Corp. of Amer.*, 403 F.3d 1134, 1139-1141 (10th Cir. 2005). A district court may, however, notwithstanding the failure to exhaust, proceed to the merits of the claim and dismiss it with prejudice if the party would be unsuccessful even absent the exhaustion issue. *Fitzgerald*, 403 F.3d at 1139, 1141-1142, 1145. In this case, the Court agrees with the Magistrate Judge that dismissal of the claim against Defendant Lengerich based on the merits is appropriate; therefore, dismissal with prejudice as to Defendant Lengerich is warranted. The Recommendation is, therefore, accepted and adopted as an order of this Court.

---

[2] The Court notes the Recommendation was returned as undeliverable to Plaintiff (ECF No. 109). Plaintiff was obligated to advise the court of any change in address but failed to do so. D.C.COLO.LCivR 49.1(c) ("Notice of change of name, mailing address, or telephone number of an unrepresented prisoner or party shall be filed not later than five days after the change."); D.C.COLO.LAttyR 5(c) ("Notice of change of name, mailing address, or telephone number of an attorney or unrepresented party shall be filed no later than five days after the change.").

In accordance with the foregoing, the Court:

(1) ACCEPTS and ADOPTS the "Report and Recommendation on Defendants' Motion for Summary Judgment (Docket No. 92)" (ECF No. 108) as stated herein;

(2) GRANTS Defendants' Amended Motion for Summary Judgment (ECF No. 92);

(3) DISMISSES with prejudice Plaintiff's Amended Prisoner Complaint; and

(4) DIRECTS the Clerk of the Court to enter judgment in favor of Defendants and against Plaintiff, and to close this case.

DATED this 21st day of February, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge